PRICE, Judge.
Jonesboro Concrete, Inc., filed suit on open account against Louisiana Builders Supply Company, Inc., seeking to recover an alleged balance owed of $1,290.44. In its answer to plaintiff’s petition, defendant admits the correctness of invoices totaling $444.16, but claims compensation due from the plaintiff in the amount of $387.88, leaving a balance owed of $56.28. This amount was tendered to plaintiff through its attorney prior to the filing of this action.
After a trial of the merits the district court awarded judgment in favor of plaintiff for the sum of $900.00, subject to a credit of $56.28. Defendant perfected this suspensive appeal, contending the trial court erred in finding the plaintiff had borne the burden of proving his demands by a preponderance of the evidence.
The evidence discloses that the plaintiff corporation engages in the sale and delivery of ready mix concrete, sand, gravel and other related building products and services in the City of Jonesboro. The defendant corporation, Louisiana Builders Supply, whose principal office is in Shreveport, maintained a builder’s supply outlet in Jonesboro and engaged in some construction activity during this period of time. The transactions between plaintiff and defendant giving rise to this dispute occurred during the period from October 31, 1963 through May 10, 1965, although they had done business with each other for some time prior to this period.
In support of its demands, plaintiff filed in evidence copies of delivery tickets (invoices) reflecting prior sales and deliveries of sand, gravel, ready mix concrete and other building materials to defendant, Louisiana Builders Supply Company, Inc., from November, 1963 through May, 1965. The itemized statement of account filed in evidence reflects that the aforementioned invoices amounted to a total of $3,659.94. The statement shows only one credit of $2,369.50 on March 6, 1965, leaving the net balance owed by defendant of $1,290.44.
Defendant contends the plaintiff erroneously, or wrongfully, charged a number of invoices to its account which were actually purchases made by Zuber Construction Company, Inc., amounting to $846.28. To the admitted balance owed plaintiff of $444.16, defendant pleads a setoff or compensation for the amount alleged to be owing it by plaintiff of $387.88.
There are no written reasons for judgment contained in the record. However, since the trial judge rendered judgment for $900.00 rather than the amount sued for of $1,290.44, we must assume he accepted the plea of compensation in arriving at this amount.
Plaintiff has answered the appeal and urged that compensation should not be allowed as no proof was presented by defendant to substantiate this alleged offsetting indebtedness.
*475 Although there may he some merit to its contention, we find that no relief can be afforded plaintiff. No appeal was taken from the judgment complained of and its answer to defendant’s appeal was not timely filed and may not be considered by this court. La.C.C.P. art. 2133 requires that an answer to an appeal be filed within fifteen days of either the return day or the lodging of the record, whichever is later. The return day fixed by the trial judge was November 20, 1970, and the record was lodged in this court on November 19, 1970. Plaintiff’s answer was filed December 29, 1970, clearly more than fifteen days after the return day.
We shall next consider the correctness of the trial judge’s finding that plaintiff carried the burden of proving the correctness of the account charged to defendant. This involves primarily a resolution of the factual finding of the trial judge that all of the invoices listed on the statement were correctly assigned to defendant’s account.
From our reading of the evidence we find the following to be a fair summation-of the facts established:
Defendant had maintained an account with plaintiff for a period antedating that in dispute. In November, 1963, defendant changed managers of its Jonesboro business and, as the result of a joint audit of its account with plaintiff, any balance owing at this time was completely liquidated. Braxton C. Zuber then became manager of defendant’s Jonesboro operation and his services continued throughout the period of time relative to this dispute. Although the evidence is not clear regarding specific dates of termination of this phase of defendant’s activities, we gather that it engaged in construction contracts for a length of time extending into the period of this dispute, and in the course of carrying out these contracts made various purchases from plaintiff of sand, gravel, ready mix and other building materials needed. The evidence reflects that plaintiff prepared in triplicate a delivery ticket, or invoice, for all merchandise sold, and as a general policy, designated thereon the particular construction job for which the material was to be used. It was intended that one of the copies be signed by the person receiving the material and that one of the copies be mailed to the person to whom the merchandise was charged, along with his monthly statement.
The evidence also shows that shortly after the employment of Zuber, defendant ceased performing construction contracts and the president of the defendant corporation, T. W. M. Long of Shreveport, Louisiana, granted permission to Zuber to continue construction contracts as a personal venture, so long as these ventures did not interfere with his duties as manager of Louisiana Builders Supply.
Long testified that at about the time Zu-ber took over operation of its Jonesboro outlet, he initiated a system of purchase orders for all materials bought for the defendant corporation and personally instructed E. L. Meredith, Jr., an officer of the plaintiff corporation, that all purchases made by Louisiana Builders Supply must be accompanied by such a purchase order or it would not be responsible for them. Defendant urges the fact that a number of the invoices in question herein were not accompanied by a purchase order as an additional reason that these charges were improperly made to its account. We find the evidence in regard to the instructions and use of the purchase orders to be conflicting. Meredith and another officer of the plaintiff corporation, Robert Salter, denied that either of them was ever instructed by Mr. Long that no materials should be delivered except on receipt of a purchase order. They also testified that on occasions a purchase order was presented at the time material was requested. In any event, we believe the evidence substantially shows the purchase order system was not strictly adhered to in transactions between plaintiff and defendant. It is significant that according to the testimony of Salter and *476 Meredith, statements of account were rendered monthly to defendant with accompanying delivery tickets and no complaints were made protesting the absence of purchase orders until just prior to the filing of this suit.
Long further testified that at the time he informed Meredith that purchase orders would be required for any material sold to defendant, he specifically advised him that Zuber was acting on his own behalf in the construction business and his activities had nothing to do with the defendant corporation. Meredith denied the conversation as recalled by Long. Both Meredith and Salter contend they had no knowledge of the contracts being undertaken by Zuber through Zuber Construction Company until the dispute arose over the account involved herein.
Whether Long informed plaintiff’s officers of the necessity for a purchase order to authorize the charging of purchases to the defendant’s account, or whether these officers were advised of independent personal operations of Zuber in the construction business completely separate from defendant’s business, are both matters which must be resolved solely on the credibility of witnesses’ testimony.
The trial judge apparently accepted the testimony of plaintiff’s witnesses as more credible. His ruling on matters involving credibility must be given great weight. We can find no manifest error in his finding and conclusions.
Defendant argues that the sole payment on the account during this long period of time, a check dated March 4, 1965, from Zuber Construction Company, Inc. for $2,369.50, is an acknowledgment by plaintiff that it knew a portion of the account was sold to Zuber Construction Company.
We do not find this to be correct under the circumstances prevailing. It is shown by the testimony of Long that Zuber was permitted to, and did, operate his personal contracting business from the Louisiana Builders Supply office. Since Zuber had previously bought the identical types of purchases from plaintiff for the account of defendant in its construction activities prior to commencement of his own personal ventures, plaintiff’s employees could logically assume’ the continued orders from the office of defendant by its manager were for defendant’s account. To overcome this presumption the proof of notification to the contrary must be clear and convincing. Defendant alone is responsible for permitting the activities on the part of its employee, Zuber, which caused this dispute.
For the foregoing reasons, the judgment appealed from is affirmed at appellant’s cost.